IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | MEMORANDUM DECISION AND ORDER |
| ELEANOR MACIEL, | |
| Defendant. | Case No.  2:05CR364 K |

This matter is before the court on Defendant Eleanor Maciel's "Petition for Probation" and "Motion for Reduction of [sic] Modification of Sentence."   Ms. Maciel has also sent a letter, dated October 5, 2007, to the court, asking the court to reconsider her sentence.  These motions–and Defendant's letter request–are denied for a variety of reasons.  First, there are no such motions recognized in the federal system.   Any challenge to Defendant's  presentence report had to be made (and actually was made) prior to sentencing.   There is also no "Petition for Probation."

As Defendant's counsel should be aware, and as the court has previously communicated to Ms. Maciel in a letter date July 10, 2006, this court does not have jurisdiction to alter Ms. Maciel's sentence.  *See* 18 U.S.C. § 3582(c); Fed. R. Crim. P. 35.  A district court has no "inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Soto-Holguin*, 163 F.3d 1217  (10th Cir. 1999) (quotations omitted), *reversed on other grounds by United States v. Meyers*, 200 F.3d 715 (10th

1

Cir. 2000); *see also United States v. Krilich*,  257 F.3d 689, 693 (7th Cir. 2001).

Section 3582(c)(1)(B) of Title 18 provides that "the court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure[.]"  18 U.S.C. § 3582.  Title 18 U.S.C. § 3582(c) sets forth the instances in which a district court may correct or modify a previously imposed sentence: when (1) it receives a motion from the Bureau of Prisons stating that extraordinary and compelling reasons warrant a reduction and the requested reduction is consistent with the applicable policy statements issued by the Sentencing Commission; (2) within seven days after imposing the sentence, the court acts under Fed. R. Crim. P. 35(c) to correct an arithmetical, technical, or other clear error present in the previously imposed sentence; or (3) a defendant has been sentenced based upon a sentencing range subsequently lowered by the Sentencing Commission.  Section 35(c) is intended to be very narrow and to extend to only those cases in which an error or mistake has occurred in the sentence.  *Soto-Holguin*, 163 F.3d at 1221.  Thus, district courts do not have inherent authority to reconsider sentencing orders.  *See id.* at 1220-21; *USA v. Barragan-Mendoza*, 174 F.3d 1024, 1027 (9th Cir. 1999).   None of the circumstances set forth in 18 U.S.C. § 3582(c) is applicable in this case.

Furthermore, even if the court were to construe the motions as habeas petitions pursuant to 28 U.S.C. § 2255, the motions are still without merit.   First, the motions are time-barred.  Under  § 2255, a prisoner in custody can move the court to vacate, set aside, or correct a sentence if the sentence was unconstitutional, illegal, in excess of the maximum authorized by law, or otherwise subject to collateral attack.   A one-year statute of limitation applies to motions

brought under § 2255.  "The limitation period shall run from the later of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255.  In this case, Defendant was sentenced on June 27, 2006, and her sentence became final thirty days later. The instant motion was filed on October 5, 2007–well beyond the statute of limitations.

Moreover, as part of Ms. Maciel's plea agreement, she specifically waived her right to challenge her sentence in any collateral review motion, including a motion under 28 U.S.C. § 2255.   Ms. Maciel entered her guilty plea knowing that the charge against her carried a minimum mandatory sentence of 60 months and a maximum of 40 years.  Indeed, she filed a Sentencing Memorandum, requesting that the court not follow the Sentencing Guidelines and sentence her to the statutory minimum of sixty months.  According to her Pre-Sentence report, the Guideline range was 78-97 months.

The court accepted Defendant's request and sentenced her to the minimum sentence allowed by Congress–sixty months, which is well below the Guideline range.   The court could have reasonably imposed a much longer sentence on Ms. Maciel.  While the court appreciates that serving prison time is not easy on the Defendant or her loved ones, the court has explained before that it has no power to reduce Ms. Maciel's sentence.

3

For all the foregoing reasons, Defendant's motions are not well-taken and are hereby denied.  Any complaint regarding the statutory minimum sentences should be directed to Congress.  This duty of this court is to uphold the laws created by Congress.  The court has no authority to change the laws of the United States.   The court will not respond to any further letters or motions filed by or on behalf of Ms. Maciel.

## CONCLUSION

For the foregoing reasons and good cause appearing, IT IS HEREBY ORDERED that Defendant's Motion for Reduction or Modification of Sentence [docket # 386] and her Petition for Probation [docket # 387] are DENIED.

DATED this 29th day of October, 2007.


BY THE COURT:


_____
DALE A. KIMBALL
United States District Judge

4